

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**OMAHA IMMIGRATION COURT**

Respondent Name:

    DUENAS ARCE, GERARDO

To:

    Oligmueller, Heidi L
    PO Box 759
    1915 Dakota Avenue
    South Sioux City, NE 68776

A-Number:
240-135-562
Riders:
In Custody Redetermination Proceedings

Date:
08/05/2025

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☐   Denied, because

☑   Granted. It is ordered that Respondent be:
    ☐   released from custody on his own recognizance.
    ☑   released from custody under bond of $ 10,000.00
    ☐   other:

☐   Other:



Immigration Judge: Meyer, Abby 08/05/2025

Appeal:   Department of Homeland Security:   ☐ waived   ☑ reserved
          Respondent:                        ☑ waived   ☐ reserved
Appeal Due: 09/04/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : DUENAS ARCE, GERARDO | A-Number : 240-135-562
Riders:
Date: 08/05/2025 By: Akhmedova, Mavzuna, Court Staff

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
OMAHA, NEBRASKA

File: A 240 135 562                                Date:   August 14, 2025

IN THE MATTER OF:                          )
                                           )
    Gerardo Duenas Arce                    )     IN BOND PROCEEDINGS
                                           )
Respondent_____)

**Motion:**      **Custody Redetermination**

**On Behalf of the Respondent:**                **On Behalf of the Government:**
Heidi L. Oligmueller, Esq.                      Erin Mitchell, Assistant Chief Counsel, OPLA, ICE
PO Box 759, 1915 Dakota Avenue                  U.S. Department of Homeland Security
South Sioux City, NE 68776                      1717 Avenue H, St. 174, Omaha, NE 68110

### BOND DECISION OF THE IMMIGRATION JUDGE

### I.    Procedural Background

The respondent is a 43 year old citizen of Mexico. Exh. 1 and 3.

DHS encountered the respondent at the Sioux County jail in Iowa on June 24, 2025, and initiated removal proceedings. *Id.*

The Omaha Immigration Court conducted a bond redetermination hearing for the respondent, August 5, 2025. The Court set the respondent's bond at $10,000.

The Court considered the following exhibits in making this decision:

   (1) Respondent's Motion for Bond Redetermination, July 31, 2025.
   (2) Respondent's Evidence in Support of Bond, July 31, 2025.
   (3) DHS Notice of Filing Documents, August 5, 2025.

### II.   Immigration Law – INA § 235(a) - Jurisdiction

DHS argues the Immigration Court lacks jurisdiction to redetermine the respondent's bond because he is an applicant for admission. The argument is based on INA § 235(b)(2)(A) - which states:

> **Inspection of other aliens.** Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 240 [8 USCS § 1229a].

According to DHS, the respondent is considered an alien seeking admission because he is present in the United States without admission.[1]

DHS may end up prevailing in this novel argument.

However, DHS has not historically argued that an Immigration Judge lacks jurisdiction to consider a bond for aliens who entered without admission. This Court, at least, is unaware of DHS making this argument in the last several decades. Such a notable change on bond jurisdiction should be decided by a higher court – as this issue may impact numerous respondents who are inadmissible under INA § 212 – and not removable under INA § 237.

To date, the Board has not yet published a case on this specific issue. Case law currently insinuates an Immigration Judge has jurisdiction to redetermine a bond for those who entered without inspection. See for example:

- *Matter of D-J-*, **23 I&N Dec. 572 (A.G. 2003)** (finding an Immigration Judge has broad discretion in bond proceedings and that an alien should not be released for reasons of national security and immigration policy – but not indicating a lack of jurisdiction where a Haitian citizen was encountered illegally entering the United States ashore in Florida and charged with inadmissibility pursuant to INA § 212(a)(6)(A)(i)).

- *Matter of Garcia-Garcia*, **25 I&N Dec. 92 (BIA 2009)** (finding an Immigration Judge has authority to modify conditions of a DHS release for a case involving a Guatemalan citizen, who entered the United States without admission, and was later arrested by DHS as part of a fugitive alien operation).

Thus, currently, the Court finds it has jurisdiction to redetermine the respondent's bond request.[2]

### III.   Immigration Law – INA § 236(a)

Pursuant to INA § 236(a), an Immigration Judge may release a detained alien pending a final decision on removability – provided that an alien's criminal convictions do not subject him or her to mandatory detention.[3] INA § 236(c) INA; 8 CFR § 1003.19(h)(2)(i).

---

[1] **Pursuant to INA § 235(a)(1) –**

**Aliens treated as applicants for admission.** An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this Act an applicant for admission.

[2] DHS added an additional inadmissibility charge pursuant to INA § 212(a)(7)(A)(i)(I); however, DHS has not changed the Notice to Appear to an arriving alien designation, nor withdrawn the INA § 212(a)(6)(A)(i) charge.

[3] An individual may request a bond hearing to determine whether he or she is "properly included" in a mandatory detention category under INA §236(c). See id. § 1003.19(h)(2)(ii); *Matter of Joseph*, 22 I&N Dec. 799, 802–03 (BIA 1999). A respondent is properly included in a mandatory detention category unless he or she can show that the government is substantially unlikely to establish the charge of removability that would otherwise subject the alien to

2
A 240 135 562

An alien requesting a custody redetermination bears the burden of showing, "to the satisfaction of the Immigration Judge and the Board that he or she does not present a danger to person or property, is not a threat to the national security, and does not pose a risk of flight," *Matter of Siniauskas*, 27 I&N Dec. 207, 207 (BIA 2018); INA § 236(a); 8 CFR § 1236.1(c)(8).

An alien does not have the right to bond. *Matter of D-J-*, 23 I&N Dec. 572, 575 (A.G. 2003) (citing *Carlson v. Landon*, 342 U.S. 524, 534 (1952)). The Immigration Court may consider any available information, or that is presented by the alien or DHS. 8 CFR § 1003.19(d).

Factors an Immigration Judge may consider include:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). Moreover, "an [IJ] has broad discretion in deciding the factors that he or she may consider in custody determinations," and an Immigration Judge "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* An alien's likelihood of being granted relief from removal is another factor an immigration judge may consider. *Matter of Andrade*, 19 I&N Dec. 488, 490 (BIA 1987).[4]

A respondent who fails to meet his or her burden will be denied bond. *See Matter of Saelee*, 22 I&N Dec. 1258 (BIA 2000); *Matter of Drysdale*, 20 I&N Dec. 815, 817 (BIA 1994).

## IV.  Application of INA § 236(a) to the Respondent's Case

DHS further argued against bond because the respondent is a flight risk.

Applying the *Matter of Guerra* factors, the Court notes the following:

1. **Evidence indicates a fixed address – the respondent lives with his family in Iowa.** Exh. 1.

---

mandatory detention. *Id.* at 806. Neither side argued the respondent was subject to mandatory custody pursuant to INA § 236(c).

[4] "A respondent with a greater likelihood of being granted relief from deportation has a greater motivation to appear for a deportation hearing than one who, based on a criminal record or otherwise, has less potential of being granted such relief." Matter of Andrade, 19 I. & N. Dec. 488, 490 (BIA 1987).

2. **The respondent has been in the United States for almost 25 years (alleging a 2001 entry date).** *Id.*

3. **The respondent has family ties in the United States. Exh. 1 and 2.**
   - His father is a United States citizen, and his mother is a lawful permanent resident.
     - His father filed an I-130 visa petition for the respondent in 2005. This visa was approved. Exh. 3.
   - His 16 year old daughter was born in the United States in 2008.
   - He also provided letters in support from his extended family – aunt, uncle, and cousins. Exh. 2.

4. **The respondent has an employment history.**
   - His supervisor with the Kooima Company wrote a letter in support of the respondent – stating the respondent has a strong work ethic and a great asset to their team. Exh. 2.

5. **The respondent was not previously required to attend court hearings.**

6. **The respondent has not been convicted of any crimes of violence against people or property. Exh. 3.**
   - The respondent has only been arrested twice for driving with a suspended license. While these traffic arrests are concerning, there is no evidence that the respondent has ever been arrested for offenses causing harm to persons/property.

7. **The respondent violated immigration law by entering illegally.**
   - There is no other evidence he committed any other immigration violations.

8. **There is no evidence that the respondent ever attempted to flee prosecution or otherwise escape from authorities.**

9. **The respondent's manner of entry was illegal.**

In addition, the respondent appears prima facie eligible to seek cancellation of removal for non-permanent residents given his time in the United States, lack of disqualifying offenses, and three qualifying relatives.

Considering all these factors, the Court set a bond to alleviate any flight risk concerns.

Therefore, the following is issued:

**The respondent's bond is set at the amount of $10,000.**

ABBY L. MEYER  
Immigration Judge

4  
A 240 135 562

## Order of the Immigration Judge

Immigration Judge: Meyer, Abby  08/14/2025

### Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen atty/rep. | [ E ] DHS
Respondent Name : DUENAS ARCE, GERARDO | A-Number :240135562
Riders:

Date: 08/14/2025  By:  Akhmedova, Mavzuna , Court Staff