IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GERARDO DUENAS ARCE,<br><br>Petitioner,<br><br>vs.<br><br>DONALD J. TRUMP, in their official capacity as President of the United States; KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; ALLEN GILL, in their official capacity as Field Office Director of Omaha office of United States Immigration and Customs Enforcement; PAMELA BONDI, in their official capacity as Attorney General of the United States; PETER BERG, in their official capacity as St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; CHRIS KLEINBERG, in their official capacity as Dakota County Sheriff, Official of Dakota County Detention Center; and TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement;<br><br>Respondents. | 8:25CV520<br><br>ORDER |

This matter is before the Court on Gerardo Duenas Arce's Petition for Writ of Habeas Corpus (Filing No. 1) and Application for Issuance of Order to Show Cause (Filing No. 1-1). Petitioner alleges he was detained following a traffic stop in Sioux City, Iowa on June 24, 2025. (Filing No. 1 at 2). He alleges he remains in civil detention in the custody of Immigration and Customs Enforcement (ICE), a division of the Department of Homeland Security (DHS) at the

Dakota County Jail in Dakota City, Nebraska. (Filing No. 1 at 2). Petitioner further alleges he is eligible for release on bond pursuant to an Immigration Judge's order, but that DHS has invoked an automatic stay provision, 8 C.F.R. § 1003.19(i)(2), which prevents his release pending DHS's appeal of the bond decision. (Filing No. 1 at 9-10). Petitioner alleges his indefinite detention pursuant to the automatic stay provision exceeds Respondents' statutory authority to detain him in violation of the Immigration and Nationality Act and his constitutional right to due process. (Filing No. 1 at 30-33).

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." *Id.* "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

The Court cannot say from the face of the application that Petitioner is not entitled to relief. Accordingly, it orders Petitioner to serve his petition and a copy of this Order on Respondents forthwith and file proof of service with the Court. Thereafter, Respondents shall show cause why Petitioner's writ should not be granted, Petitioner may reply, and the Court will hold a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three day return on show cause order provided in 28 U.S.C. § 2243.

Furthermore, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Petitioner may not be removed from the United States or the District of Nebraska until further order of this Court. See 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner's Application for Issuance of Order to Show Cause ([Filing No. 1-1](Filing No. 1-1)) is granted.
2. Petitioner shall serve his petition and a copy of this Order on Respondents forthwith and file proof of such service with the Court.
3. Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted within three business days after Petitioner serves them.
4. Petitioner shall have three business days from the date of Respondents' response to file a reply.
5. The Court will thereafter set a prompt hearing on this matter.
6. Furthermore, Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 27th day of August, 2025.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge